IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KELLY RENEE GISSENDANER,

    Plaintiff,

       v.

HOMER BRYSON
Commissioner, Georgia Department of
Corrections, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:15-CV-610-TWT

**OPINION AND ORDER**

Kelly Renee Gissendaner is set to be executed today, March 2, 2015, at 7:00 P.M. She asks this Court to stay her execution due to an alleged deficiency in her clemency hearing which she claims rises to the level of a Constitutional violation. For the reasons set forth below, Gissendaner's Motion for a Stay of Execution [Doc. 3] is DENIED, Gissendaner's Motion for a Preliminary Injunction [Doc. 2] is DENIED, and the Defendants' Motion to Dismiss [Doc. 5] is GRANTED.

**I. Background**

Kelly Renee Gissendaner's counsel began preparing for an eventual clemency hearing sometime in 2014.[1] As part of these efforts, they interviewed various Georgia Department of Corrections employees in the hope that some of them would testify on behalf of Gissendaner during her clemency hearing.[2] According to Gissendaner, several employees ultimately agreed to testify.[3] She alleges, however, that these employees withdrew their support after receiving a memorandum from the Defendant Kathleen Kennedy, the Warden of Lee Arrendale State Prison.[4] This memo allegedly stated:

> An execution date might be [scheduled] in the immediate future for our inmate under death sentence. This action will likely bring a lot of publicity to [the prison]. Be advised that if ANYONE calls you with questions . . . you are to refer them to the DOC Public Affairs office . . .. Under no circumstances are you to discuss this with people outside the institution. . . .If you have questions or concerns, please contact Warden Kennedy or Deputy Warden Tatum.[5]

Gissendaner's clemency hearing was held on February 24, 2015, and her clemency request was denied the next day.[6] Roughly fifteen people – the Complaint does not

---

[1]Compl. ¶ 3.

[2]Compl. ¶ 3.

[3]Compl. ¶ 3.

[4]Compl. ¶¶ 3, 24.

[5]Compl. ¶ 3.

[6]Compl. ¶ 5.

specify who – gave live testimony on behalf of Gissendaner. Additionally, six corrections officials, including four current employees, submitted written statements.

Gissendaner now brings suit. She claims that Kennedy's memorandum deterred several individuals from testifying on her behalf in violation of her rights under the First, Eighth, and Fourteenth Amendments. This Order concerns Gissendaner's Motion for a Stay of Execution and her Motion for a Preliminary Injunction requiring a constitutionally-adequate clemency proceeding.

## II. Legal Standard

A "preliminary injunction is an extraordinary and drastic remedy not to be granted until the movant clearly carries the burden of persuasion as to the four prerequisites."[7] In order to obtain a preliminary injunction, a movant must demonstrate "(1) a substantial likelihood that he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) that the injunction, if issued, would not be adverse to the public interest."[8]

---

[7]Northeastern Fla. Chapter v. Jacksonville, Fla., 896 F.2d 1283, 1285 (11th Cir. 1990).

[8]Zardui-Quitana v. Richard, 768 F.2d 1213, 1216 (11th Cir. 1985); Gold Coast Publications, Inc. v. Corrigan, 42 F.3d 1336, 1343 (11th Cir. 1994).

### III. Discussion

Gissendaner contends that Kennedy's directive – which allegedly deterred prison employees from speaking on behalf of Gissendaner at her clemency hearing – violated her right to due process under the Fourteenth Amendment, her right to be free from cruel and unusual punishment under the Eighth Amendment, and her right to free speech under the First Amendment. The Court disagrees.

The Supreme Court has specifically declined to impose due process restrictions on clemency proceedings, finding that the authority to impose clemency is "a matter of grace."[9] Furthermore, the Supreme Court has held that a discretionary power of a parole board to commute sentences "confer[s] no rights . . . beyond the right to seek commutation."[10] Additionally, the Eleventh Circuit has held that "the presence of 'unfettered discretion' in the clemency process does not render the imposition of the death penalty . . . arbitrary and capricious in violation of the Eighth Amendment."[11] It further noted that "the discretion involved at the clemency stage can never cause the imposition of the death sentence, it serves only as an act of grace to relieve that sentence even when the sentence has been legally imposed."[12] The Eleventh Circuit

---

[9]Ohio Adult Parole Auth. v. Woodard, 523 U.S. 272, 285 (1998) (plurality opinion).

[10]Connecticut Bd. of Pardons v. Dumschat, 452 U.S. 458, 467 (1981).

[11]Smith v. Snow, 722 F.2d 630, 632 (11th Cir. 1983).

[12]Id.

has also specifically found that there was no due process violation where at least one Georgia Department of Corrections employee refused to testify at a clemency hearing for fear of losing his job.[13]

Given the clear holdings of the Supreme Court and the Eleventh Circuit, Gissendaner is not entitled to a preliminary injunction or a stay of execution because she is not likely to succeed on the merits of her First, Eighth, or Fourteenth Amendment claims. The Supreme Court has specifically foreclosed a Fourteenth Amendment challenge to clemency proceedings in both Dumschat and Woodard. The Eleventh Circuit, relying on the Supreme Court's holding in Dumschat, has foreclosed an Eighth Amendment challenge to clemency proceedings. Similarly, therefore, Ms. Gissendaner's First Amendment claim has no merit.  Because one has no right beyond the right to seek clemency, it follows that there is no First Amendment right to present all evidence one desires in a clemency proceeding.

It is also important to note that the Eleventh Circuit has previously denied a stay of execution in a nearly identical factual scenario in Wellons. Finally, this Court finds that given the fact that Gissendaner presented written statements from six Department of Corrections officials at her clemency hearing, it would be entirely speculative to find that more such statements would have made any difference. The Plaintiff's

---

[13]Wellons v. Comm'r, Ga. Dep't of Corr., 754 F.3d 1268, 1269 (11th Cir. 2014).

motions for a preliminary injunction and a stay of execution should be denied. The Defendants' motion to dismiss should be granted.

## IV. Conclusion

For these reasons, the Court DENIES the Plaintiff Gissendaner's Motion for a Stay of Execution [Doc. 3], DENIES the Plaintiff Gissendaner's Motion for a Preliminary Injunction [Doc. 2], and GRANTS the Defendants' Motion to Dismiss [Doc. 5]. To allow time for appeal, the Court STAYS Gissendaner's execution for a period of twenty-four hours, to expire at 6:59 P.M. on March 3, 2015.


SO ORDERED, this 2nd day of March, 2015.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge